| | |
|---|---|
| DONALD CLINE, ) | |
| ) | |
| Plaintiff, ) | No. 23-cv-15091 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald Cline ("Plaintiff") filed a complaint against Defendant, The Prudential Insurance Company of America ("Defendant"), alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the Court is Defendant's Motion to Transfer Venue to the United States District Court for Middle District of Tennessee. For the reasons below, the Court grants Defendant's motion [9].

**BACKGROUND**

Plaintiff is a resident of Fraklin, Tennessee and seemingly lived there during all relevant periods. Defendant is incorporated and headquartered in New Jersey and does business throughout the United States. In his complaint, Plaintiff asserts that venue is proper in the Northern District of Illinois because the Defendant "may be found" here.

This case arises out of Defendant denying Plaintiff's long-term disability claim, which Plaintiff submitted while he was an employee for The Bank of New York Mellon Corporation's Service ("Bank") in Tennessee. Bank held a group policy for employee welfare benefits, which Defendant administered. After receiving his denial, Plaintiff appealed Defendant's decision, which

Defendant affirmed, causing this suit to ensue. Defendant now moves to transfer this case to the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1404(a).

**LEGAL STANDARD**

A district court is vested with discretion to transfer a civil action to another district pursuant to 28 U.S.C. § 1404(a) where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 959 (N.D. Ill. 2000) (Alesia, J.). The moving party has the burden of establishing that the transferee forum is more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

**DISCUSSION**

It is undisputed that venue and jurisdiction are proper in this district and the Middle District of Tennessee. The parties instead dispute whether transferring this case to the Middle District of Tennessee would be more convenient and promote the interest of justice. In determining whether to grant or deny a motion to transfer venue, a district court must conduct an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 219 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). In doing so, a court must consider private and public interests.

 A. *Private Factors*

The Court considers the following factors to analyze the parties' private interests: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to

sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil*, 90 F.Supp.2d at 960.

As to the first factor, Defendant argues the Court should give little deference to Plaintiff's preference to submit to this forum because the other factors outweigh such choice and Plaintiff is a resident of Tennessee. Plaintiff's core argument in opposing the transfer is that "substantial deference" should be given to his choice of venue. Although deference should generally be given to a plaintiff's choice of venue, where a plaintiff does not reside in his chosen forum, the deference owed to his choice is "substantially reduced." *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013) (Feinerman, J.). Because Plaintiff resides in the proposed transferor district and not this district, the Court gives little deference to his choice. Plus, as discussed below, the remaining factors clearly outweigh Plaintiff's preference.

Defendant argues the situs of events occurred in the Middle District of Tennessee, as Plaintiff applied and received his denial for the benefits in the Middle District of Tennessee. Plaintiff does not dispute these facts, and therefore concedes the issue.

Defendant also asserts that there will be relative ease for the parties to access documents, as the relevant documents will be in Tennessee, since Plaintiff worked, received medical treatment, and applied for the benefits in Tennessee. Plaintiff does not dispute this assertion but argues (a) the parties have already exchanged evidence for Plaintiff's appeal, and (b) if the parties engage in discovery, it will not require on-site inspection or in-person depositions. Despite what Plaintiff believes the future of litigation holds or what the breadth of discovery will be, surely accessing documents in the state where the discovery is located is more convenient for the parties.

Regarding the fourth and fifth factors, Defendant argues that the Middle District of Tennessee is more convenient for the parties and the witnesses, as many witnesses likely reside in Tennessee and Plaintiff lives there. Again, Plaintiff does not dispute Defendant's assertion, instead

he responds that this case will be decided on dispositive motions, therefore the Court need not consider the burden on the witnesses. Neither party is certain what the outcome of the case will be. Therefore, private interest/ factors two through five weighs in favor of transfer.

   B. *Public Factors*

Public interest factors focus on the efficient administration of the court system, such as: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the relation of the community to the occurrence at issue; and (4) the desirability of resolving controversies in their locale. *Amoco Oil*, 90 F.Supp.2d at 961–962.

As to the first and second factors, Defendant argues that this Court's busy docket weighs in favor of transferring the case to Tennessee. Plaintiff reasons the case should stay in this district because the Court has significant experience with ERISA matters. The Court is not swayed by one party's argument or the other's, as both this Court and the Middle District of Tennessee are equally capable of handling an ERISA case in terms of capacity and substance.

Public factors three and four weigh in favor of transfer. Defendant argues that because the events occurred in Tennessee the relation to the community and desirability to resolve the controversies in their locale support transferring the case to the Middle District of Tennessee. Plaintiff fails to respond to this assertion, and therefore waives any argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver . . ."). Thus, the Court agrees with Defendant.

Plaintiff suggest because his counsel lives in Illinois and ERISA provides an action may be brought where a Defendant "may be found" 29 U.S.C. § 1132(e)(2) the case should stay here. The Court does not dispute that the case was properly brought in this district. However, due to the

4

significant connections between this case and the transferee court, it is quite clear that the Middle District of Tennessee is more convenient and transferring the case is in the interest of justice.

**CONCLUSION**

Based on the foregoing, Defendant's motion is granted [9], and the Court transfers this case to the Middle District of Tennessee, Nashville Division.

IT IS SO ORDERED.

Date: 7/18/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge